UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GAMALIEL ELIZALDE,

    Plaintiff,

    v.

CONTRA COSTA ADULT SCHOOL PROGRAM, et al.,

    Defendants.

Case No. 25-cv-02683-WHO (PR)

**ORDER OF DISMISSAL**

# INTRODUCTION

Plaintiff Gamaliel Elizalde alleges that an adult school teacher deprived him of academic credits he had earned, thereby adversely affecting his parole suitability in which he has a protected due process interest. His 42 U.S.C. § 1983 complaint containing these allegations is now before me for review pursuant to 28 U.S.C. § 1915A(a).

This federal civil rights action is DISMISSED for failure to state a claim for relief. Even if there were a cause of action for unlawful interference with parole suitability, no claim would lie on the facts presented here. Elizalde admits that the deprived credits were restored. Also, a claim that the teacher interfered with his liberty interest in parole is too speculative. He is not eligible for parole until 2028 or 2029 and parole decisions are based on many factors, with the completion of school courses being only one such factor.

# DISCUSSION

**A.  Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any

1    cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim
2    upon which relief may be granted or seek monetary relief from a defendant who is immune
3    from such relief.  *See id.* § 1915A(b)(1), (2).  Pro se pleadings must be liberally construed.
4    *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

5          A "complaint must contain sufficient factual matter, accepted as true, to 'state a
6    claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)
7    (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial
8    plausibility when the plaintiff pleads factual content that allows the court to draw the
9    reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (quoting
10   *Twombly*, 550 U.S. at 556).  Furthermore, a court "is not required to accept legal
11   conclusions cast in the form of factual allegations if those conclusions cannot reasonably
12   be drawn from the facts alleged."  *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55
13   (9th Cir. 1994).

14         To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential
15   elements:  (1) that a right secured by the Constitution or laws of the United States was
16   violated, and (2) that the alleged violation was committed by a person acting under the
17   color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).

18   **B.    Legal Claims**

19         Elizalde alleges that in 2023 he took classes at the Martinez Detention Facility with
20   Eve, a teacher employed by the Contra Costa Adult School Program, to increase his parole
21   suitability.  (Compl., Dkt. No. 1 at 3-4.)  He alleges that Eve took away or failed to give
22   him the academic credits he earned through his coursework.  (*Id.* at 9-11.)  However, he
23   admits that those same credits were later restored.  (*Id.* at 11-12.)  Elizalde states that his
24   next parole eligibility hearing will not be held until 2028 or 2029.  (*Id.* at 3.)

25         Elizalde's allegations that Eve unlawfully interfered with his due process right to
26   parole fail to state a claim for relief.  Even if such a claim were cognizable, there was no
27   interference.  The restoration of his academic credits defeats any such claim, especially
28   considering that they were restored well ahead of his next parole suitability hearing, which

1   will occur in 2028 or 2029.  Furthermore, even the temporary deprivation of credits cannot
2   state a claim.  Parole decisions are based on many factors, which renders as speculative
3   any assertion that Eve's actions adversely affected his parole eligibility.  *Nettles v.*
4   *Grounds*, 830 F.3d 922, 935 (9th Cir. 2016) (en banc).

## CONCLUSION

This federal civil rights action is DISMISSED for failure to state a claim for relief. The Clerk shall enter judgment in favor of defendants, and close the file.

**IT IS SO ORDERED.**

**Dated:**  June 27, 2025



WILLIAM H. ORRICK
United States District Judge